No. 83-400

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

STATE OF MONTANA, ex rel., DAVID
GARY WELCH,

          Petitioner,

   -vs-

DISTRICT COURT OF THE SEVENTH JUDICIAL
DISTRICT, IN AND FOR THE COUNTY OF
RICHLAND, THE HONORABLE R. C.
McDONOUGH, Judge presiding.

          Respondent.

---

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Petitioner:

        Robert L. Johnson argued, Lewistown, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Kim Kradolfer argued, Asst. Atty. General, Helena
        Victor G. Koch, County Attorney, Sidney, Montana

---

        Submitted:   November 28, 1983

          Decided:   May 1, 1984

Filed:     MAY 1 1984

*Ethel M. Harrison*
                 Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an original proceeding brought by the defendant seeking an order disqualifying the respondent Judge from sitting on the case in respondent District Court. Respondent Judge has challenged the constitutionality of Section 19-5-103, MCA, upon which relator relied in bringing this application for a writ of mandate.

Donald Morrison filed a personal injury action against relator Welch in the respondent District Court on August 12, 1980. At that time Morrison was represented by McDonough, Cox and Simonton, of Glendive, Montana, and is still represented by that firm. In 1982, Russell McDonough of that firm was elected Judge of respondent District Court and took office the first of January, 1983. Deeming himself disqualified, Judge McDonough requested the Chief Justice of the Montana Supreme Court to appoint retired Judge Robert C. Sykes to hear the case, pursuant to Article VIII, Section 6(3), Constitution of the State of Montana. On January 25, 1983, the Chief Justice issued an order by which the Judge Sykes was assigned to hear relator's and several other cases in the respondent District Court. Judge Sykes is a retired Judge, having been defeated in the primary election for District Judge of the Eleventh Judicial District in the Spring of 1982. Judge Sykes accepted jurisdicition on April 28, 1983.

Relator objected to this action and requested Judge McDonough disqualify himself and call in another active duly elected and sitting District Court Judge to replace him. Relator's motion was based on Section 19-5-103, MCA, which

-2-

allows retired District Court Judges to assist sitting District Court Judges, but allows them only to, "[P]erform any and all duties preliminary to the final desposition of cases insofar as not inconsistent with the constitution of the state." Relator thus theorized that since the retired judge could only handle preliminary matters, the sitting District Court Judge retained jurisdiction over the case and the power to make any final determination, which Judge McDonough could not do because of the conflict of interest.

Judge McDonough refused the request reasoning that Judge Sykes had assumed full jurisdiction including the power to make any final determination, thus it was unnecessary to disqualify himself. Thereafter relator brought this application for a writ of mandate directing Judge McDonough to disqualify himself and call in another duly elected and sitting District Court Judge to assume jurisdiction.

Two issues are raised by the parties:

(1) Does a retired District Court Judge assigned by the Chief Justice to sit for a duly elected District Court Judge have full jurisdiction over a case tried before him, or are his actions subject to review by the elected District Court Judge under Section 19-5-103, MCA.

(2) Is so much of Section 19-5-103, MCA as purports to limit the power of retired District Court Judges to decide cases unconstitutional?

We hold that an opinion released by this Court on March 9, 1984, State ex rel Wilcox v. The District Court of the Thirteenth Judicial District (Mont. 1984), _____ P.2d _____, 41 St.Rep. 397, establishes the powers of a retired

District Court Judge called to service, and answers both issues.

In this case, as previously noted, Judge Sykes was assigned by the Chief Justice for temporary service on a request initiated by the district judge. In Wilcox, supra, we held that the jurisdiction of such a judge is defined as follows:

> "Accordingly, the retired judges have the complete jurisdiction of the district court 'in all criminal cases amounting to felony and all civil matters and cases at law or in equity,' Article VII, section 4, Mont.Const., including final dispositions." ___ P.2d at ___, 41 St.Rep. at 403.

As pointed out in Wilcox, Section 19-5-103, MCA, applies only where a retired district judge is called pursuant to the procedures set forth in that section. Because 19-5-103. MCA, was not used in the present case, it is not applicable. Not being involved here we are not called upon to answer that question.

Relator also argues that under the provisions of Section 3-5-201, MCA, "Judges of the district court must be elected." Such a provision in our statutes does not overcome the constitutional power given the Chief Justice as noted in Wilcox.

We find that under Wilcox, supra, Judge Sykes is a member of the "pool" of retired judges and can be called in to preside by the Chief Justice under the provisions of Article VIII, Section 6.

Judge Sykes has jurisdiction in this matter. Judge McDonough because of the acknowledged conflict of interest, properly relinquished jurisdiction and requested the Chief Justice to temporarily assign a judge in his place.

-4-

The writ of mandate is denied.

_John Conway Harrison._
Justice

We concur:

_Frank I. Haswell_
Chief Justice

_Justices_

Mr. Justice Frank B. Morrison, Jr. respectfully dissents as follows:

I have no objection to Judge Sykes being treated in the same manner as other retired district judges. My only dissent is on the basis I articulated in the dissent to majority opinion styled State ex rel. Wilcox v. District Court, 41 St.Rep. 397. That dissent is readopted here.

Justice

Mr. Justice Daniel J. Shea, dissenting:

I agreed with Justice Morrison in his dissent, and I also wrote a short dissent in the case of State ex rel. Wilcox v. District Court (Mont. 1984), ____ P.2d ____, 41 St.Rep. 397. I adhere to those views today.

The majority position seems even more ludicrous when our constitution is interpreted to mean that a judge who is defeated in office can keep on deciding cases as long as an active district judge makes a complaint to the Chief Justice that his heavy workload requires that a judge be called in to help him.

I do not believe that the drafters of our Constitution ever dreamed that a former district judge, former because he has been defeated in office, would nonetheless still continue to decide cases after his term for which he was elected has expired.

Daniel J. Shea
Justice